UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                                          Case No. 1-20-40388-JMM
    Loyce Tamisi,
                                                      Chapter 13
                        Debtor.
-------------------------------------------------------------x
    Loyce Tamisi,

                        Plaintiff,
          -against-                                        Adv. Proc. No. 1-23-01033

Wilmington Savings Fund Society, FSB
D/B/A Christiana Trust, Not Individually
But As Trustee For Pretium Mortgage
Acquisition Trust,
                        Defendant.
-------------------------------------------------------------x

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION

### INTRODUCTION

       The undersigned counsel for Plaintiff, (the Debtor), submits this brief in opposition to Defendant Wilmington's Motion for Summary Judgment, and in further support of Plaintiff's Motion for Summary Judgment to void Wilmington's lien.

       In its Motion for Summary Judgment, Wilmington asserts three grounds for dismissal; (1) The requested relief violates due process, (2) The claims are barred by the Rooker-Feldman Doctrine; and (3) The claims are barred by res judicata and collateral estoppel. In summation, Wilmington's motion is an attempt to reopen issues that have already been decided in the claim objection and appeal in the district court. This is not permissible under the doctrine of

1

res judicata. Therefore, Wilmington's motion for summary judgment should be denied in its entirety.

The record and facts of the case demonstrate that Wilmington provided documentation with its claim and enjoyed prima facie before the debtor objected to their claim. Additionally, with Wilmington's participation in the claims allowance already completed where their claim was disallowed, an order declaring Wilmington's lien void does not violate it's due process, the adversary claims are not barred by the Rooker-Feldman Doctrine; nor are they barred by Res Judicata and Collateral Estoppel.

The facts supporting this motion for summary judgment are limited to the bankruptcy court's record. However, absent from the court's record are the briefs from Willmington's appeal in the district appeals court including; Wilmington's appeal brief, Tamisi's appellee brief, or Wilmington's reply. These documents are included in this objection for judicial notice. See Wilmington Appellant Brief (Exhibit A), Tamisi Appellee Brief (Exhibit B), Wilmington Appellant Reply Brief (Exhibit C).

## ARGUMENT

When a party moves for summary judgment, that party carries the "burden of showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Estate of Kimmell ex rel. Kimmell v. Seven Up Bottling Co., 993 F.2d 410, 412 (4th Cir. 1993). As discussed below, Wilmington has failed to carry this burden, as required by Rule 56(a) and consequently Wilmington's summary judgment motion should be denied in its entirety.

Wilmington is not a secured or unsecured creditor because its claim was disallowed and expunged, leaving the lien holder without an allowed secured claim. This permits the voidance of Wilmington's lien under 11 U.S.C. § 506(d). Now, through an adversary proceeding, the Plaintiff is requesting the Court void Wilmington's lien pursuant to § 506(d). Additionally, Wilmington has failed to cite specific facts and law in support of its motion for summary judgment, and its arguments are largely devoid of any factual support. The analysis provided in the summary judgment motion does not support Wilmington's position taken as countered below.

### A. WILMINGTON PROVIDED DOCUMENTATION TO PROVE ITS STANDING

Wilmington claims that "The BK Order and the District Court Order disallowed Wilmington's claim based solely on Wilmington's failure to provide sufficient documentation to prove its standing." However, those are not the facts at hand as the debtor's claim objection never alleges that Wilmington failed to include sufficient supporting documentation. Rather, the district court opinion stated that, "In her motion, Tamisi, *inter alia*, questioned the authenticity of the note attached to the proof of claim and argued that Wilmington did not have standing." <u>Wilmington Savings Fund Society, FSB v. Tamisi</u>, 22-CV-01982 (DG), 2 (E.D.N.Y. Mar. 17, 2023). Therefore, the issue at hand in the claim objection process was not Wilmington's lack of supporting documentation, but the validity of its lien to support its standing.

Additionally, the record shows that Wilmington submitted two documents to support its claim: first, a copy of the purported original note, and a Lost Note Affidavit (LNA).

However, "The court noted that Wilmington had not produced the original note or an assignment of the note. *See* March 9, 2022 Tr. at 9. Therefore, the Bankruptcy Court therefore analyzed the sufficiency of the Lost Note Affidavit to establish Wilmington's standing. *See* March 9, 2022 Tr. at 10-12." *id.*

Wilmington further contends that this Court should not void the lien on the basis of lack of standing due to a failure to provide proper documentation. In this regard, Wilmington cites In re Santoli, 631 B.R. 827, 830 (S.D.N.Y. 2021) (Which in turn cites In re Lane, 589 B.R. 399, 410 (B.A.P. 9thCir. 2018) quoting Kohout v NationStar Mortgage, LLC, 576 B.R. 290, 296 (N.D.N.Y. 2017)). However, the facts in these cases are different because neither Santoli, Lane, nor Kohout contested the validity of the underlying loan documents, nor did they address any challenge to the validity of their creditor's claim on an allegation of fraud. Here, Wilmington submitted a copy of a note to support its claim, but the authenticity of this note was questioned in the debtor's claim objection.

The cases cited above established that a lien is not void if the validity of the loan documents is not challenged. However, in the present case, Wilmington actively defended the challenge to the authenticity of their note, but was unsuccessful. Therefore, the reasoning in these cases is not applicable to the present case. Wilmington failed to demonstrate that they held a valid note, as they did not have actual possession of the disputed note. The substituted LNA was insufficient and would not relieve Wilmington of the burden of establishing that it holds a valid note/claim. Hence, Wilmington's claim was disallowed on the merits. Authenticity challenges to loan documents in claims objection result in lien avoidance once

4

the claim is expunged. see In re Blendheim, Bankruptcy No. 09-10283-MLB (Bankr. W.D. Wash., 2011), In re Pinnock, 2018 Westlaw 5794442 (Bankr. S.D.N.Y.).

The main case relied on by Wilmington, In re Santoli Id. is distinguishable and not applicable to the present case. In Santoli, there was no fraud allegation, evidentiary hearing, or adversary proceeding filed to void the creditor's lien. In contrast, here, the plaintiff initiated an adversary proceeding to void the lien. Prior to the adversary proceeding, the debtor questioned the authenticity of Wilmington's endorsed note in her claims objection. This led to discovery and evidentiary hearings on the merits of the lien, where Wilmington actively defended its claim. However, Wilmington failed to provide evidence to support its claim of a valid lien for standing. See March 9, 2022 Tr. at 7-10." *Id.* "After hearing from the parties, the Bankruptcy Court read into the record its decision granting Tamisi's motion and disallowing and expunging Wilmington's claim. In rendering its ruling, the Bankruptcy Court discussed various legal principles relevant to the motion."

### B. AN ORDER DECLARING THE LIEN VOID DOES NOT VIOLATE DUE PROCESS

Wilmington argues that an order declaring the lien void violates due process and therefore their lien should not be void. They cite In re Lane, 589 B.R. 399 (B.A.P. 9th Cir. 2018) in support of this. However, unlike the debtor in Lane, who never attacked the validity of the underlying loan documents ("All Lane disputed was whether BONY was the person entitled to enforce the note." id.) Wilmington's status as a real party of interest was never disputed. Rather, Wilmington's standing was called into question after the presentation of a copy of a note in their POC that appeared to be fraudulent. Therefore, the determination

during the claims allowance process was not whether Wilmington is the party entitled to enforce the note/LNA, but rather whether these documents were valid and enforceable under non-bankruptcy law.

The claims allowance process plays a "key role" in the court's determination of whether a claim is valid, hence allowed or a claim is invalid therefore disallowed. Here, the allowance process involved extensive litigation including discovery, evidentiary hearing and an appeal after Wilmington's claim was disallowed. Many of the claims in Wilmington's summary judgment motion are barred by res judicata, as they were previously raised and litigated in the claims objection litigation. Therefore, Wilmington's argument that due process has been violated is without merit, as it fully participated in the litigation of its claim's validity whereby with the disallowance and expungement of their claim, there is no question that the note/LNA from Wilmington are not valid and enforceable.

Additionally, although Wilmington's failure to timely answer the complaint would have justified a default judgment, the court and plaintiff did not object to allowing the case to proceed without default judgment, in order to afford Wilmington full due process to defend against the complaint. Therefore, Wilmington's due process rights were not violated, and such an argument is not justified.

It could be argued that the previous purported lender, DLJ, submitted itself to the jurisdiction and equitable powers of the bankruptcy court by signing the LNA on January 13, 2021. This date was almost a year after the date of the mortgage assignment from DLJ to Wilmington, and many months after Wilmington filed its proof of claim. This LNA presented

by Wilmington was the basis for the district court's determination that "As the Bankruptcy Court properly concluded, the LNA was insufficient to establish that DLJ ever possessed the note." See March 9, 2022 Tr. at 11. The Lost Note Affidavit did not provide details as to DLJ's acquisition of the note from Argent, DLJ's eventual misplacement or loss of the note (if DLJ ever acquired the note), or the search process DLJ used to try to find the note. See <u>Wilmington Savings Fund Society, FSB v. Tamisi</u>, 22-CV-01982 (DG), 9 (E.D.N.Y. Mar. 17, 2023). The court further noted that "based on the LNA, Wilmington cannot even establish that DLJ ever received the note from the original mortgagee, which is Argent." *Id.*

### C. THE CLAIMS ARE NOT BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Claims allowance and lien-avoidance are tools available in a typical Chapter 13 proceeding. Therefore, attacking the lien presented in the bankruptcy court is not the same as attacking the judgment of the state court. These are two different proceedings and actions in two different forums and in this instant case, it involves two different parties. Furthermore, Lien voidance actions in Bankruptcy do not require the court to review the state court judgements as Wilmington implies in their summary judgment Motion. Moreover, Wilmington has raised this argument before, most recently in the previous action in the appeals court.

The claims of the adversary proceeding are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(O). Therefore, disallowance of claims and avoidance of lien are claims that arise under the Bankruptcy Code, and the Bankruptcy Court has authority to enter a final judgment on such claims. The claims in this adversary arose under bankruptcy law, and the court has

authority to enter a final judgment on such claims "absent the consent of the parties." *People Who Care Youth Ctr. v. Ammec, Inc. (In re People Who Care Youth Ctr.)*, 2:18-bk-10290-RK, 2 (Bankr. C.D. Cal. Sep. 26, 2023). Therefore the court does not need to review or reverse the state court Judgements in order to adjudicate the claims in this adversary. Consequently this adversary proceeding is not barred by *Rooker-Feldman*.

Furthermore, Wilmington's arguments about the foreclosure judgment are unsupported by case law and are unavailing, particularly in light of the well-established law set forth above with respect to the requirements for establishing standing in this context. Moreover, the *Rooker-Feldman* doctrine does not apply here, where the Bankruptcy Court did not exercise jurisdiction in a way that would result in reversal or modification of any state court judgment. *See In re Modikhan*, 2021 WL 5312396, at *15 (concluding that the *Rooker-Feldman* doctrine did not deprive the court of subject matter jurisdiction over debtor's objections to proofs of claim because such objections did not require the court to review the state court judgments). *Wilmington Savings Fund Society, FSB v. Tamisi*, 22-CV-01982 (DG), 11 (E.D.N.Y. Mar. 17, 2023).

The foreclosure matter is extraneous to this case, the Rooker-Feldman doctrine would not apply because the debtor here has not asked the bankruptcy court to review or reverse the foreclosure. The resolution of the lien voidance action in this adversary does not depend on the same factual determinations as the DLJ foreclosure judgment because the facts of this instant case are different from the set of facts in the DLJ foreclosure. Here, the copy of the note presented by Wilmington is different from the copy of the note that DLJ submitted in their

foreclosure action. See debtor's claim objection. Therefore the foreclosure action is not dispositive of this instant case.

For the third time, Wilmington claims that the validity of the underlying lien was conclusively determined in the Foreclosure Action, in which a Foreclosure Judgment was entered on December 12, 2018. This claim has been rejected by both this court and the district appeals court. Additionally, because Wilmington already raised this same claim in prior claims objection proceeding, res judicata bars the subsequent litigation of this same claim by Wilmington in a subsequent litigation. *See generally* Wilmington Appeal Br.; *see also id.* (Wilmington claims that the foreclosure judgment is essentially the claim. "a challenge to Wilmington's standing was precluded by DLJ's prior foreclosure action and judgment of foreclosure, including on the basis of the *Rooker-Feldman* doctrine). *See* *Wilmington Savings Fund Society, FSB v. Tamisi*, id. ("On appeal, Wilmington argues that the Bankruptcy Court erred in expunging Wilmington's claim for lack of standing. Wilmington asserts, *inter alia*, that the Lost Note Affidavit made clear that the original note was part of the transfer from Argent to DLJ and had to have been lost while DLJ had ownership; that the note was endorsed in blank to DLJ and DLJ conveyed its rights and interest under the note and the mortgage to Wilmington as evidenced by the January 31, 2020 assignment of mortgage; *See generally* Wilmington Br.; *see also generally* March 8, 2023 Tr.").

### D. THE CLAIMS NOT BARRED BY RES JUDICATA OR COLLATERAL ESTOPPEL

The Claims in the adversary complaint are not barred by res judicata and collateral estoppel. Although res judicata and collateral estoppel do apply in this case, they do not apply

in the manner that Wilmington has described. Wilmington raises the same arguments about the foreclosure, asserting that the validity of the underlying lien was conclusively determined in the 2018 foreclosure judgment. Wilmington raised this claim several times before (see generally Wilmington appeal Br. at Exhibit 1), and is instead therefore barred by res judicata.

The Bankruptcy court declined to make a decision on the creditor's Lien see March 9, 2022 Transcript ("March 9, 2022 Tr."), Bankrpt Dck ECF No. 115 at 12, 4-13. This does not amount to an application of res judicata and collateral estoppel as the bankruptcy court indicated the debtor could bring an adversary to void the Lien. Wilmington's counsel filed an untimely response (the "Response") ECF Doc. # 8), but the Response raises issues already adjudicated and offers no new arguments.

## Conclusion

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). The defendant's answer to the complaint raises no genuine issue of material fact nor does their summary judgment motion. Their affirmative defenses are "boilerplate", unsupported by facts of this case and are not enough to overcome the plain language and context of the relevant statutory provisions of § 506(d).

In order for an allowed secured claim to exist, the claim must first be allowed. See 11 U.S.C. § 506(a)(1) and (d)(2). Here, it is undisputed that Wilmington does not have an allowed secured claim hence their lien can be void pursuant to 11 U.S.C. § 506(d). Wilmington has not presented any material facts that would contradict the Plaintiff's motion for summary judgment to void Wilmington's lien. Wilmington's claim was disallowed in its entirety, and has not provided any valid evidence to support its lien. Therefore, the Plaintiff respectfully requests that the Court deny Wilmington's motion in its entirety and grant Plaintiffs motion to void Wilmington's lien.

Dated: October 25, 2023

        Respectfully submitted,

        /s/ Allan R. Bloomfield

        _____

        Allan R. Bloomfield, Esq.
        Attorney for Debtor
        118-21 Queens Blvd., #617
        Forest Hills, New York 11375
        (718) 544-0500
        allan@bloomfieldlaw.com