**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Loyce Tamisi** | **CHAPTER 13** |
| | **CASE NO. 20-40388-JMM** |
| **Loyce Tamisi** | **Adv. 1-23-01033-JMM** |
|               **Plaintiff,** | |
| **versus** | |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,** | |
|               **Defendants.** | |

**REPLY BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Margaret J. Cascino, Esq.
Hinshaw & Culbertson LLP
343 Thornall Street
Suite 640
Edison, NJ 08837
T: 908-374-0641
Fax : 908-374-0345
Email: mcascino@hinshawlaw.com
*Attorneys for defendant Wilmington Savings Fund Society FSB*

**TABLE OF CONTENTS**

                                                                                                                                         **Page(s)**

TABLE OF AUTHORITIES ........................................................................................................II

SUMMARY OF ARGUMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

      I.      Applicable legal Standard ..................................................................................... 4

      II.     Analysis................................................................................................................. 5

           A.     Disallowance of a Claim Does Not Declare that the Lien is Void ............. 5

           B.     A Judgment in favor of Tamisi Violates Due Process................................ 7

           C.     Tamisi's Claims are Barred by the *Rooker-Feldman* Doctrine. ................. 7

           D.     Summary Judgment is Barred by *Res Judicata* and Collateral Estoppel...................................................................................................... 8

CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Hamlett*,
  322 F.2d 342 (4th Cir. 2003) ...................................................................................3, 4, 6

*Kohout v Nation Star Mortgage, LLC*,
  576 B.R. 290 (N.D.N.Y. 2017) ..........................................................................................5

*In re Lane*,
  589 B.R. 399 (B.A.P. 9th Cir. 2018) .................................................................................7

*In re Porter*,
  374 B.R. 471-480 (Bankr. D. conn. 2007) ........................................................................6

*In re Santoli*,
  631 B.R. 827 (S.D.N.Y. 2021) ...................................................................................4, 5, 6

*In re Tarnow*,
  749 F.2d 464 (7th Cir. 1984) ......................................................................................3, 4, 6

*Vargas v. City of N.Y.*,
  377 F.3d 200 (2d Cir. 2004) ..............................................................................................8

**Statutes**

11 USC 506(d) ..............................................................................................................3, 4, 5, 6

Bankruptcy Rule 3001(c) ......................................................................................................6

Bankruptcy Rule 7001(2) ......................................................................................................4

Defendant, WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST ("Wilmington") respectfully submits this Reply Brief in Support of Motion for Summary Judgment.

**SUMMARY OF ARGUMENT**

Wilmington filed a Proof of Claim (the "Wilmington POC") in the underlying bankruptcy case filed by the Debtor/Plaintiff, Loyce Tamisi ("Tamisi"). *See* BK Claims Register, Claim No. 4. is undisputed that the Wilmington POC was disallowed by the Bankruptcy Court on March 22, 2022 for Wilmington's failure to establish standing to file the Wilmington POC. *See* BK Dkt. Nos. 105 and 115. It is also undisputed that the United States District Court for the Eastern District of New York (the "District Court") confirmed the Bankruptcy Court's ruling on March 17, 2023. *See* BK Dkt. Nos. 115 and 130. As a result, the Wilmington POC has been disallowed, Wilmington may not participate in the bankruptcy plan, and Wilmington cannot receive payments under same.

The focus of the opinions from both the Bankruptcy Court and the District Court was a Lost Note Affidavit (the "LNA") submitted by Wilmington as part of the Wilmington POC. *See* BK Dkt. Nos. 115 and 130. The Bankruptcy Court and the District Court both found that the LNA was deficient based upon its timing and its failure to meet the requirements for a Lost Note Affidavit under current New York case law. *See id.* As a result, both the Bankruptcy Court and the District Court found that Wilmington failed to submit the appropriate documentation to establish standing to file the Wilmington POC. *See id.*

Neither the Bankruptcy Court nor the District Court made any substantive rulings or findings that the lien reflected in the Wilmington POC was either unenforceable or extinguished. *See* BK Dkt. Nos. 115 and 130. Rather, the Bankruptcy Court and the District Court went out of

1

their way to be clear in their respective rulings that Wilmington simply lacked standing to file the Wilmington POC at the time that the Wilmington POC was filed. *See id*. Both the BK Order and the District Court Order made clear that their rulings were limited to the issue as to standing to file the Wilmington POC only, specifically noting that "[s]tanding at one point in time is not determinative of standing at another point in time." *See* BK Dkt. Nos. 115 at pp. 8-9 and 130 at p. 3. The Bankruptcy Court also specifically stated that "it's important to note that even if a proof of claim is disallowed, a mortgage lien is not necessarily avoided.[]," and that "the Court is not making any ruling respecting the creditor's mortgage lien." BK Dkt. No. 115 at p. 12. The Bankruptcy Court went on further to point out that , "even though the debtor wins this battle, I'm not sure this does much to advance the cause of the debtor because we still have the mortgage lien to deal with." *See* id. at pp. 12-13. Neither order made any rulings regarding the substantive issues raised in the Claim Objection. *See id*.

In response to the Motion for Summary Judgment filed by Wilmington, Tamisi attempts to convince this Court that the disallowance of the Wilmington POC goes beyond what is held and articulated by both the Bankruptcy Court and the District Court. *See* Dkt. No. 14. Tamisi contends, and Wilmington does not dispute, that both Wilmington and Tamisi made multiple arguments in conjunction with the pleadings filed in the Bankruptcy Court and the District Court related to the claim disallowance process. For example, Tamisi made claims that Wilmington overstated the amount of the claim, and that the note was invalid/fraudulent. *See* BK Dkt. No. 115 at p. 6. Also, Wilmington raised defenses in the claim of judgment process related to Res Judicata and Collateral Estoppel. However, the Bankruptcy Court nor the District Court addressed these issues.

The fact that Tamisi and Wilmington raised substantive issues is irrelevant. The Wilmington POC was disallowed on a procedural ground only. As a result, the underlying lien is

not void, and Wilmington is entitled to summary judgment. *See In re Tarnow*, 749 F.2d 464, 465-66 (7th Cir. 1984) (rejecting notion that claim disallowance for any reason automatically voids the lien that secures it; lien avoidance under § 506(d) should follow only when the lien's validity ***was adjudicated*** in the claims allowance process); *In re Hamlett*, 322 F.2d 342, 348 (4th Cir. 2003) ("[Section] 506(d) only empowers the bankruptcy court to void liens supporting disallowed claims ***if it judges*** those liens to be invalid in substance.").

## ARGUMENT

Wilmington is entitled to summary judgment and dismissal of this matter in its entirety with prejudice as the Bankruptcy Court Order and the District Court Order disallowed the Wilmington POC on the procedural ground only. *See* BK Dkt. Nos. 115 and 130. Neither order made any substantive rulings, and the Bankruptcy Court Order went so far as to say that "it's important to note that even if a proof of claim is disallowed, a mortgage lien is not necessarily avoided.[]," and that "the Court is not making any ruling respecting the creditor's mortgage lien." BK Dkt. No. 115 at p. 12. The Bankruptcy Court went on further to point out that , "even though the debtor wins this battle, I'm not sure this does much to advance the cause of the debtor because we still have the mortgage lien to deal with." *See id*. at pp. 12-13.

The overwhelming authority holds that disallowance of a claim on procedural grounds (i.e. – failure to attach documents to prove standing) does not result in a void lien. In order to establish a void lien, the disallowance must be the result of a substantive ruling from the court. As neither the BK Order nor the District Court Order made substantive rulings, Tamisi attempts to focus the Court's attention on the claims it raised in the Claim Objection that the note was forged and unenforceable. This is a red herring. Neither the BK Order nor the District Court Order addressed the substantive issue of forgery and enforceability. *See* BK Dkt. Nos. 115 and 130. The

3

Wilmington POC was disallowed on a procedural ground only. The fact that Tamisi raised substantive issues in the Claim Objection is irrelevant. As a result, the underlying lien is not void, and the Tamisi MSJ must be denied. *See In re Tarnow*, 749 F.2d 464, 465-66 (7th Cir. 1984) (rejecting notion that claim disallowance for any reason automatically voids the lien that secures it; lien avoidance under § 506(d) should follow only when the lien's validity ***was adjudicated*** in the claims allowance process); *In re Hamlett*, 322 F.2d 342, 348 (4th Cir. 2003) ("[Section] 506(d) only empowers the bankruptcy court to void liens supporting disallowed claims ***if it judges*** those liens to be invalid in substance.").

## I.    APPLICABLE LEGAL STANDARD

In a Chapter 13 bankruptcy case, "the lien of parties who did not file a Proof of claim, to the extent valid and enforceable, would ride through th(e) Chapter 13 case notwithstanding such failure to file." *In re Santoli*, 631 B.R. 827, 830 (S.D.N.Y. 2021)

However, if an entity chooses to file a claim, 11 USC § 506(d) provides:

To the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void, unless-

(1) Such claim was disallowed under Section 502(b)(5) or 502(e) of this title; or

(2) Such claim is not an allowed secured claim due only to a failure of an entity to file a Proof of Claim under Section 501 of this title.

11 USC § 506(d).

However, a lien is not automatically void based upon the outcome of a contested matter as the "determination that the lien [] encumbering [property] [is] void…must be brought by the filing of an adversary proceeding pursuant to Bankruptcy Rule 7001(2)." *Id*.

## II.    ANALYSIS

Tamisi's position is simple. Tamisi argues that Wilmington is not entitled to summary judgment because she believes that disallowance of a claim equals an automatic void lien. *See* Dkt. Nos. 1 and 11. However, that is not the law. A claim that is disallowed for failure to provide sufficient evidence to prove standing at the time the claim is filed does not automatically result in a void lien.

### A.    Disallowance of a Claim Does Not Declare that the Lien is Void

The BK Order and the District Court Order disallowed the Wilmington POC based solely on Wilmington's failure to provide sufficient documentation to prove its standing to file the Wilmington POC. *See* BK Dkt. Nos. 105, 115, and 130. Neither the Bankruptcy Court nor the District Court made a ruling that the lien was either unenforceable or extinguished. *See id*.

When the issue of lien avoidance is properly before the court in an adversary proceeding, "[section]506[d] only empowers the Bankruptcy Court to void liens supporting disallowed claims ***if it judges*** those liens to be invalid *in substance*." *In re Santoli*, 631 B.R. 827, 830 (S.D.N.Y. 2021) (bold emphasis added – others in original) (quoting *Kohout v Nation Star Mortgage, LLC*, 576 B.R. 290, 296 (N.D.N.Y. 2017)). As a result, a court cannot void a lien under Section 506(d) unless it "[j]udge[s] the [_] lien to be invalid in substance." *Id*. at 830-31 (quoting *In re Lane*, 589 B.R. 399, 410 (B.A.P. 9th Cir. 2018).

Lack of standing based on a failure to provide proper documentation is inappropriate for this Court to void the lien created by the Mortgage and Loan. *See In re Santoli*, 631 B.R. at 831. (denying request to void a lien when the underlying decision was only as to standing to enforce the note in the underlying Proof of Claim based on failure to provide proper documentation.); *see also Kohout*, 576 B.R. at 296 (finding that because the Bankruptcy Court disallowed the claim on

5

procedural grounds, the creditor's lien was not void). In addition, the Bankruptcy Code provides the only substantive grounds for disallowance of a claim, and lack of documentation is not a substantive ground for disallowing a claim. *See In re Santoli*, 631 B.R. at 831 (citing *In re Porter*, 374 B.R. 471-480 (Bankr. D. conn. 2007) ("[T]he only substantive grounds for disallowance of a claim are expressly set forth in the Bankruptcy Code…[and] lack of documentation required by a Rule 3001(c)…is not a substantive ground for disallowing a claim.")).

In her response to the summary judgment motion, Tamisi states that the Wilmington POC was "disallowed on the merits." *See* Dkt. No. 14 at p. 4. This is not accurate.

The District Court Order was clear in its ruling that it was based upon the failure to provide sufficient evidence of standing. *See* Dkt. No. 130. The District Court Order specifically stated that the Order was limited to the issue as to standing to file a Wilmington POC only, noting that "[s]tanding at one point in time does not determinative of standing at another point in time." *See* Dkt. No. 130 at p. 3.

As a result, the disallowance of the Wilmington POC on a procedural ground does not support a finding of a void lien. In order to avoid this result, Tamisi attempts to divert the Court's attention to the fact that she made substantive challenges to the Wilmington POC in the Claim Objection alleging that the note was forged and unenforceable. While this is true, it is of no consequence. In order to rely on a substantive claim to void a lien, the bankruptcy court must have judged and adjudicated the objection claim on a substantive claim. *See In re Tarnow*, 749 F.2d 464, 465-66 (7th Cir. 1984) (rejecting notion that claim disallowance for any reason automatically voids the lien that secures it; lien avoidance under § 506(d) should follow only when the lien's validity ***was adjudicated*** in the claims allowance process); *In re Hamlett*, 322 F.2d 342, 348 (4th Cir. 2003) ("[Section] 506(d) only empowers the bankruptcy court to void liens supporting

6

disallowed claims *if it judges* those liens to be invalid in substance."). That did not happen in this case. *See* BK Dkt. Nos. 81, 115, and 130. As a result, Wilmington is entitled to summary judgment.

### B. A Judgment in favor of Tamisi Violates Due Process

In its summary judgment motion, Wilmington points out that a judgment in favor of Tamisi in this matter violates due process. To explain, the BK Court Order and the District Court Order found that the LNA was insufficient to establish Wilmington's standing to file the Wilmington POC. *See* BK Dkt. Nos. 105, 115, and 130. There was no finding that the lien was unenforceable or extinguished. As a result, even if Wilmington lacks standing to enforce the Mortgage, there may be another entity that does have standing to enforce the Mortgage. No other parties are named in the Adversary Complaint. To void a lien in a matter in which the party with standing is not named would deprive that entity of due process. *See In re Lane*, 589 B.R. 399 (B.A.P. 9th Cir. 2018).

Tamisi, once again, attempts to get around this issue by ignoring what the Bankruptcy Court Order and the District Court Order found and focusing on what Tamisi stated in its claim objection. This is irrelevant and a red herring. Tamisi is asking this Court to enter a judgement declaring that the underlying lien is void based on the fact that the Wilmington POC was disallowed. It was disallowed for failure to prove standing – nothing more. As a result, there may be another party that has standing. To void a lien without providing that party notice and a right to be heard would violated due process.

### C.     Tamisi's Claims are Barred by the *Rooker-Feldman* Doctrine.

As pointed out in Wilmington's summary judgment motion, the Adversary Complaint is barred in its entirety by the *Rooker-Feldman* doctrine as the issue as to the extent and validity of a

7

lien on the Subject Property were previously raised in the Foreclosure Action in which Judgment was entered. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over suits that seek a direct review of a state court judgment or that seek to resolve issues that are 'inextricably intertwined' with the earlier state court determinations." *Vargas v. City of N.Y.*, 377 F.3d 200, 205 (2d Cir. 2004).

The *Rooker-Feldman* doctrine precludes the maintenance of this action as the Adversary Complaint is nothing more than an impermissible attack upon the validity of the underlying Foreclosure Judgment. Tamisi contested the Foreclosure Action and appealed the Foreclosure Judgment. As the Foreclosure Action was concluded against Tamisi with a specific finding that DLJ had standing to enforce a valid lien, and Tamisi is barred from attempting to re-litigate the validity of that lien.

In response, Tamisi focuses on the Bankruptcy Court's right to address the claim allowance process. That is not the issue. The issue is now an attempt to declare the underlying lien to be void. The Foreclosure Action already determined that the lien was valid. The claims process simply determined that Wilmington failed to prove standing to file the Wilmington POC at the time it was filed – nothing more. Tamisi's argument is misplaced, and Wilmington is entitled to summary judgment.

### D.   Summary Judgment is Barred by *Res Judicata* and Collateral Estoppel

As pointed out in Wilmington's summary judgment motion, Tamisi's claims are barred by application of *res judicata* as the validity of the underlying lien was conclusively determined in the Foreclosure Action in which a Foreclosure Judgment was entered on December 12, 2018. Tamisi withdrew his appeal of the Foreclosure Judgment, the Foreclosure Judgment should be conclusive to the issue raised herein.

In response, Tamisi appears to confuse the arguments and application of the law. Tamisi argues that the order from the Bankruptcy Court does not amount to an application of res judicata and collateral estoppel. *See* Dkt. No. 147 at p. 10. Wilmington agrees. Neither the Bankruptcy Court Order nor the District Court Order amount to an application of res judicata and collateral estoppel. Res judicate and collateral estoppel in this case result from the Foreclosure Action. The doctrines of *res judicata* and collateral estoppel prevent this Court from further reviewing the allegations asserted in this action, and Wilmington is entitled to summary judgment and dismissal of this matter in its entirety with prejudice.

## CONCLUSION

The BK Court Order and the District Court Order disallowed the Wilmington POC. Based solely on those rulings – and nothing more – Tamisi asks this Court to deny summary judgment establishing, as a matter of law, that the lien created by the Loan that this is the subject of the Wilmington POC to be void. This is a purely legal issue, and the case law supports denial of Tamisi's request.

Further, to declare the lien void based solely on the conclusion that Wilmington lacked standing to file a proof of claim violates due process. Finally, a New York State Court has previously ruled that the underlying lien was a valid and enforceable security interest in the prior Foreclosure Action. As a result, Tamisi's claims are now barred by the doctrines of *res judicata* and collateral estoppel.

As a result, Wilmington is entitled to judgment as a matter of law dismissing this matter in its entirety with prejudice.

Dated: November 10, 2023

        **HINSHAW & CULBERTSON LLP**

        By:   /s/ Margaret J. Cascino
        Margaret J. Cascino, Esq.
        Hinshaw & Culbertson LLP
        343 Thornall Street, Suite 640
        Edison, NJ 08837
        T: 908-374-0641
        F: 908-374-0345
        E-mail: mcascino@hinshawlaw.com
        *Attorneys for defendant Wilmington Savings Fund Society, FSB*

## **CERTIFICATION OF SERVICE**

I hereby certify that on November 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all appearing parties.  A true and correct copy has further been served via United States Mail to the following:

Alan R. Bloomfield
118-21 Queens Boulevard, Ste 617
Forest Hills, NY 11375
*Attorney for Loyce Tamisi*

By: */s/ Holly J. Johnston*